IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TREJO, et al, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>CITY OF SHAFTER et al., <br><br>　　　　Defendants. | Case No.: 1:10-cv-02119 AWI JLT <br><br> ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO AMEND SCHEDULING ORDER WITHOUT PREJUDICE <br><br> (Doc. 26) |

　　　Before the Court is the stipulation of counsel to amend the scheduling. (Doc. 26) The parties contend that all remaining dates outlined in the scheduling order should be extended to allow for a private mediation to occur December 13, 2011, due to the unavailability of counsel during the holidays and due to a serious medical condition suffered by one of the defendants. Id. at p. 2

　　　For the reasons discussed below, at this time the Court **GRANTS IN PART** and **DENIES IN PART** the request to amend the scheduling order.

**I.   Background**

　　　On May 17, 2011, the Court issued the scheduling order in this case. (Doc. 20) Key dates set forth in the order include the deadline to complete lay discovery (December 9, 2011), expert discovery (March 2, 2012), to file nondispositive (March 16, 2012) and dispositive motions (March 30, 2012), the pretrial hearing (June 4, 2012) and trial (July 17, 2012).

　　　On December 6, 2011, the parties filed the instant petition seeking amendment to the

1

1   scheduling conference order.  (Doc. 26) In the document, the parties report that they will be
2   undergoing private mediation on December 13, 2011 with Oliver U. Robinson and a reworking
3   diligently to resolve this case. Id. at 2.
4        They report further that they believe it is in the "best interests" of the parties to continue all
5   future deadlines by 90 days to allow time for the mediation to proceed without need to for them to
6   continue to pursue costly discovery at the same time.  (Doc. 26 at 2) Likewise, they report that
7   counsel are unavailable for discovery during the upcoming holidays and that Defendant Jeff Priest
8   has a serious medical condition that has precluded his ability to participate in the litigation.  Id. at 2.

**II.   Analysis**

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, **because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference** . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

In the scheduling order in this case, the Court reminded the parties,

> Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations, and where appropriate attached exhibits which establish good cause for granting the relief requested.

(Doc. 20 at 25.) Nevertheless, notably absent from the stipulation is any substantive discussion related to the discovery done to date, the discovery still needed to be completed and why the need for

1  the schedule amendment was just discovered.  Likewise, the stipulation does not explain why the
2  current settlement effort was not anticipated at the time the Court issued the scheduling order.
3  Jackson, 186 F.R.D. at 608.  Thus, on these bases, there is not a showing of good cause sufficient to
4  modify the scheduling order.

5  Moreover, as the parties are aware, this Court is suffering a crisis caused by a lack of judicial
6  resources which is compounded by an overwhelmingly large caseload.  No longer is the Court able
7  to accommodate requested schedule changes designed only to preserve the litigants' resources or to
8  allow modifications based upon the convenience of counsel.  If these were the only bases stated here,
9  the Court would have no choice but to deny the current request.

10  On the other hand, the medical problem suffered by Defendant Priest is a different matter.
11  The Court has no hesitation in determining that a medical concern that is so significant as to deprive
12  a defendant of his ability to participate in his defense, is a sufficient basis to justify amendment to
13  the scheduling order. However, without additional information as to the nature or duration of Mr.
14  Priest's condition, the extensions that can be granted here must be accommodated within the current
15  schedule.

**ORDER**

Good cause appearing, the Court **ORDERS**

1. The stipulation to modify the scheduling order is **GRANTED IN PART** and **DENIED IN PART**;
2. The scheduling order is modified as follows:
   a. Non-expert discovery **SHALL** be completed no later than 2/10/12;
   b. Joint expert disclosure: 2/10/12;
   c. Rebuttal expert disclosure: 3/2/12;
   d. Expert discovery deadline: 3/23/12;
   e. Non-dispositive motion filing deadline: 3/23/12;
   f. Non-dispositive motion hearing deadline: 4/27/12

///
///

3. **No other deadlines set forth in the scheduling order are modified.**

IT IS SO ORDERED.

Dated:   **December 8, 2011**                              /s/ Jennifer L. Thurston
                                                             UNITED STATES MAGISTRATE JUDGE